

Massimo F. D'Angelo, Esq.

Akerman LLP
1251 Avenue of the Americas
37th Floor
New York, NY  10020

T: 212 880 3800
massimo.dangelo@akerman.com

April 12, 2021

**VIA ECF**

The Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *429-441 86th Street LLC v. Town Sports International Holdings, Inc.*
               S.D.N.Y. Case No. 21-cv-01356-ALC

Dear Judge Carter:

      This firm represents Town Sports International Holdings, Inc. ("Defendant") in connection with the above-captioned matter. We write in response to your Order, ECF No. 17, which asks Defendant to indicate what discovery it would seek prior to the briefing of 429-441 86th Street LLC's ("Plaintiff") motion for summary judgment.

      The discovery that Defendant needs covers three main areas: (1) whether Plaintiff improperly withheld consent to assign the lease at issue to Defendant and refused to allow Defendant to cure alleged defaults, if any, under the lease, which are factual circumstances necessary to determine whether the guaranty in question remains extant; (2) whether Plaintiff illegally locked out the tenant or Defendant from the subject premises and if so, when, how, the duration of the lockout, and the impact thereof, including the violation of Defendant's rights under the Lease Amendment (as defined hereinafter); and (3) Plaintiff's purported damages. Defendant submits that the discovery sought is essential for Defendant to prosecute its affirmative claims against Plaintiff and to defend the action.

      This disclosure is also necessitated because substantially all of Defendant's corporate and financial records are in the possession of another entity as a consequence of a Bankruptcy Court-approved sale order in the bankruptcy proceeding that is referenced in Plaintiff's motion. Defendant has filed a motion for a turnover of those documents, which is presently returnable on April 20, 2021, before the Honorable Christopher S. Sontchi of the United States Bankruptcy Court for the District of Delaware.

For the first category of discovery, the alleged guaranty at issue was replaced and terminated by a guaranty provided by Town Sports International, LLC (the "Replacement Guarantor") pursuant to a lease amendment executed by Plaintiff (the "Lease Amendment") (attached hereto as **Exhibit A**). Specifically, the Lease Amendment provides that "the Original Guaranty is terminated," and that it is to be replaced by a replacement guaranty between Plaintiff and the Replacement Guarantor. Exhibit A, § 6. The guaranty at issue here between Plaintiff and Defendant would be revived if both the Tenant and Replacement Guarantor file for bankruptcy, but if Defendant does not file bankruptcy and seeks an assignment of the lease (all of which is claimed to have happened here), the Plaintiff is required to first "consent to such assignment whereupon the Lease . . . shall be deemed a direct lease . . . between [Plaintiff] and [Defendant]." *Id.*, § 9. If these procedures are not followed, the guaranty here is rendered void and of no effect "[n]otwithstanding" the other provisions in the lease amendment, including the provision relied upon by Plaintiff regarding revival of the guaranty between Plaintiff and Defendant. *Id.*

The discovery that Defendant needs related to the first tranche consists of the following documentary and testamentary evidence: (a) communications from March 30, 2020 until the present exchanged between the parties, their representatives and agents concerning the lease, the Lease Amendment, the guarantees and/or the premises under the lease from the months preceding the bankruptcy, which was filed for on September 14, 2020; (b) all communications between any representatives of Plaintiff, including, but not limited to, Plaintiff's principal, Jeff Sutton, and representatives of Defendants during the same time period; (c) all documents and communications between any real estate representative or broker and Plaintiff concerning the lease, the amended lease, and/or the premises under the lease during the same time period; (d) all documents and communications related to or constituting the negotiation and/or execution of the replacement guaranty; (e) all notices generated by Plaintiff to Tenant related to purported lease defaults; and (f) a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) regarding the assignment of the lease, as amended, to Defendant after Tenant and Replacement Guarantor filed for Chapter 11 Bankruptcy. *See Lexington Owner LLC v. Kaplowitz*, 149 A.D.3d 590, 591, 53 N.Y.S.3d 35, 37 (2017) (finding that summary judgment in action on guaranty against law firm partner was not warranted where there were factual issues as to whether guaranty was in effect as to that partner).

Turning to the second category of discovery needed to oppose summary judgment, it is Defendant's understanding that Plaintiff at some point improperly locked out the Tenant, Replacement Guarantor, Defendant, and all related parties from the subject premises. Defendant needs discovery to ascertain when the illegal lockout occurred, under what circumstances, the applicable duration of the lockout, and whether such lockout constituted a constructive eviction, thereby terminating the lease and excusing any further performance, debt, or default under the lease before the bankruptcy occurred, which is the only event that could have triggered the revival of any guaranty agreement between Plaintiff and Defendant. If the parties' underlying lease was terminated due to the lockout, then the guaranty has nothing to attach to, and should be extinguished and of no further force and effect.

Lastly, for the third category of discovery, Plaintiff would need the following: e-mails, books and records, bank account statements, financial statements, interest or other calculations, accounting statements, income statements, attorney fee records relating to any claims or amounts claimed to be owed under the lease, Lease Amendment and guaranty, including, but not limited to, all documents pertaining to: (a) monthly rent; (b) taxes, (c) utilities, (d) claimed "CPI adjustment(s)," (e) late charges or fees, (f) attorney's fees, costs, and expenses, and (g) liquidated damages. *See HSBC Bank USA v. IPO, LLC*, 290 A.D.2d 246, 735 N.Y.S.2d 531, 532 (2002) ("[T]he *prima facie* case for such relief [pursuant to a motion for summary judgment in lieu of complaint] requires documentary evidence or an explanation of how the indebtedness is calculated, other than in the form of mere conclusory allegations[.]"). Defendant would also need to take a deposition of Plaintiff pursuant to Rule 30(b)(6) regarding the basis and documentary support for Plaintiff's alleged damages, which are not apparent based on the documents submitted in support of Plaintiff's motion for summary judgment in lieu of complaint that was filed in state court. Additionally, the Defendant may need to conduct deposition discovery of Plaintiff's advisors, including real estate brokers, and potentially principals and advisors of the original tenant under the Lease.

In completing this exercise, Defendant respectfully submits that this case is a complex commercial dispute involving multiple parties (including a debtor in a bankruptcy proceeding pending in the United States Bankruptcy Court for the District of Delaware), several areas of substantive law (contract law, landlord-tenant law, corporate and commercial law, and bankruptcy law), complex commercial agreements, and multiple affirmative defenses and counter-claims, which should not be susceptible to summary adjudication.

Thank you for Your Honor's time and attention to this matter.

Respectfully submitted,

**/s/ Massimo F. D'Angelo**
Massimo F. D'Angelo

MFD/am
cc:   Counsel of Record (via ECF)
Enc:   as stated.