# EXHIBIT A

## FIRST AMENDMENT OF LEASE

THIS FIRST AMENDMENT OF LEASE (the "**Amendment**"), entered into as of the 31st day of August, 2020 (the "**Effective Date**"), by and between **429-441 86th STREET LLC**, a New York limited liability company, having an address at c/o Wharton Realty, 500 Fifth Avenue, 54th Floor, New York, NY 10110 ("**Landlord**") and **TSI BAY RIDGE 86th STREET, LLC**, a Delaware limited liability company, having an address at c/o Town Sports International, LLC, 399 Executive Boulevard, Elmsford, New York 10523 ("**Tenant**").

WITNESSETH:

WHEREAS, Landlord and Tenant entered into that certain Lease, dated as of September 5, 2006 (as amended by this Amendment, the "**Lease**"), concerning certain premises on the first floor, second floor and mezzanine level in the building known as 429-441 86th Street, Brooklyn, NY (the "**Building**"), as more particularly described in the Lease (the "**Demised Premises**");

WHEREAS, Tenant's obligations under the Lease are guaranteed by Town Sports International Holdings, Inc. (the "**Original Guarantor**") pursuant to that certain Guaranty, dated as of August ___, 2006 (the "**Original Guaranty**");

WHEREAS, the Lease is scheduled to expire on May 31, 2023 (the "**Current Expiration Date**");

WHEREAS, Landlord and Tenant desire to (i) extend the term of the Lease (ii) further amend and modify the Lease; and (iii) subject to section 9 below, terminate the Original Guaranty in favor of the Replacement Guaranty (as hereinafter defined), as hereinafter set forth in this Amendment;

WHEREAS, Tenant has not paid certain rent due thereunder through the Effective Date, including, without limitation, $328,556.75 representing Fixed Rent for the period of April 1, 2020 to August 31, 2020; $113,360.64 representing real estate taxes for the period ending December 31, 2020; water charges as yet unbilled and interest on all past due amounts at the Applicable Rate (as defined in the Lease) ("**Pre-Amendment Rent**"); and

WHEREAS, Landlord would not have entered into this Amendment unless Tenant simultaneously caused the execution and delivery of the new Guaranty of Town Sports International, LLC ("**TSI**") in the form attached hereto (the "**Replacement Guaranty**");

NOW THEREFORE, in consideration of ten ($10.00) dollars and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Landlord and Tenant agree as follows:

1. <u>Defined Terms</u>. All terms not otherwise defined herein shall have the meanings ascribed to them in the Lease.

2. <u>Term</u>. As of the Effective Date, the term of the Lease, and the Current Expiration Date, are hereby restated and extended for a period beginning on the Effective Date of this Amendment and ending on <u>September 30, 2030</u> (the "**Expiration Date**"), on the same terms and provisions that are

1

applicable to the prior term of the Lease, except as modified herein. The period from the Effective Date through the Expiration Date is hereafter referred to as the "**Extended Term**". September 30, 2030 shall be the new Expiration Date with the same force and effect as if said date was the date originally set forth in the Lease as the expiration date. Notwithstanding anything to the contrary set forth in the Lease, Tenant shall have no right to renew or extend the term of the Lease beyond the Expiration Date, unless agreed to, in writing, signed by both parties.

3. Sections 1.2, 1.3(A), (B) and (D), Section 1.4 and Section 1.5 of the Lease are hereby deleted in their entirety.

(a) The "Commencement Date" shall be the Effective Date of this Amendment.

(b) The "Rent Commencement Date" shall be the date that is thirty (30) days following the Effective Date of this Amendment.

4. Fixed Rent. (a) Notwithstanding anything to the contrary set forth in the Lease, Fixed Rent during the Extended Term of this Lease shall be payable according to the following rent schedule:

| Period: | Annual Fixed Rent: | Monthly Fixed Rent: |
|---|---|---|
| Rent Commencement Date – September 30, 2021 | $400,000.00 | $33,333.33 |
| October 1, 2021 – September 30, 2026 | $450,000.00 | $37,500.00 |
| October 1, 2026 – September 30, 2030 | $495,000.00 | $41,250.00 |

(b) Subject to section 9 below, any and all unpaid Fixed Rent and Additional Rent (all other charges) otherwise due and payable by Tenant to Landlord under the Lease through the Rent Commencement Date is hereby waived and abated, in full, without penalty, fees, or interest.

(c) Except as modified herein, Tenant shall pay to Landlord such Fixed Rent and Tax Payment in the same manner as set forth in the Lease.

(d) Notwithstanding anything to the contrary set forth in the Lease, there shall be no other, further or additional escalations to Fixed Rent during the Extended Term, except as expressly set forth in this Amendment, in accordance with the above rent schedule.

(e) Section 1.3(C) of the Lease is hereby deleted and replaced with the following:

The term "Rental" shall mean, collectively, the Fixed Rent, the Tax Payment and water charges only, and Tenant shall not have any obligation to pay any other Occupancy Costs, Common Area Maintenance charges or similar charges relating to Tenant's occupancy of the Demised Premises in connection with or pursuant to the provisions of this Lease, provided, however, that the term "Rental" shall continue to include the non-recurring sums and charges as are to be paid by Tenant under the Lease, including, by way of example and not in limitation thereof, interest on unpaid amounts at the Applicable Rate, interest charges and costs and expenses incurred by Landlord to cure a default by Tenant (the "additional rent").

(f) It is understood and agreed between the parties that Tenant's only recurring Rental obligations under the Lease from the Rent Commencement Date through the end of Term

2

shall consist solely of the Fixed Rent, the Tax Payment (*i.e.*, Real Estate taxes), as modified herein and water charges. All other additional rent and charges relating to the Demised Premises that would otherwise be of a recurring nature such as common area maintenance expenses, shall be the responsibility and obligation of Landlord.

5. Section 2.1(F) of the Lease is hereby amended by replacing 'July 1, 2008 to June 30, 2009' with 'July 1, 2020 to June 30, 2021'.

6. <u>Termination of Original Guaranty; Replacement Guaranty</u>. Subject to section 9 below, as of the Effective Date, Section 1.7(J) of the Lease is hereby deleted and the Original Guaranty is terminated. Simultaneously with the execution of this Amendment, TSI shall enter into a Replacement Guaranty of this Lease, as amended by this Amendment, in the form attached hereto as <u>Exhibit A</u>. Tenant acknowledges that Landlord would not have entered into this Amendment without the benefit of such Replacement Guaranty by TSI. The failure of TSI to execute the Replacement Guaranty shall constitute a breach of the Lease, and this Amendment shall be void ab initio, and of no force or effect, with all rights and remedies of the Landlord under the Lease and Original Guaranty restored and reserved with full force and effect under the terms of the original Lease and applicable law.

7. <u>Landlord Termination Right</u>. (a) Landlord shall have the right in its sole discretion to terminate this Lease for any reason whatsoever upon six (6) months prior written notice to Tenant (the "**Termination Notice**"), but in no event shall Landlord deliver the Termination Notice prior to September 30, 2021. In the event that Landlord delivers such Notice of Termination to terminate the Lease pursuant to this Paragraph 7 (and Tenant is not otherwise in default of its Rental obligations under the Lease at the time of the Termination Notice): (i) the Lease and Replacement Guaranty shall terminate and be of no further force and effect (and all obligations thereunder, including the Original Guaranty, shall terminate), effective as of the date that is six (6) months following the date of the Termination Notice (the "**Termination Date**"); (ii) Tenant shall vacate and surrender possession of the Demised Premises to Landlord vacant and broom clean, and shall remove all furniture, equipment, fixtures (the "**FF&E**") and other property of Tenant and its employees and anyone claiming by, through or under Tenant (conditions of the "**Turnover Conditions**") by the Termination Date; and (iii) Landlord shall pay to Tenant a termination fee in the amount of $200,000.00 (the "**Termination Fee**") on the Termination Date, provided that Tenant has complied with the Turnover Conditions and is not otherwise in default of its Rental obligations under the Lease.

(b) Section 23.2 of the Lease is hereby deleted in its entirety and replaced with the following: "Tenant acknowledges that following the expiration or earlier termination of this Lease, Landlord intends to lease the Demised Premises on a long term basis and Tenant's failure to vacate the Premises (except for abandoned FF&E) on or prior to the expiration date of this Lease will cause substantial harm to Landlord. Landlord would not have entered into this Agreement if Tenant did not agree to this Section. Accordingly, if Tenant fails to vacate the Demised Premises (except for abandoned FF&E) on or prior to the expiration or earlier termination of this Lease in accordance with the Turnover Conditions, Tenant shall pay to Landlord an amount of Five Thousand and 00/100 Dollars ($5,000.00) for each day that Tenant remains in possession of all or any portion of the Demised Premises after the expiration or earlier termination of this Lease, which amount Tenant acknowledges is not a penalty but liquidated

damages and just and fair compensation to Landlord for losses suffered by Landlord as a result of Tenant's failure to timely surrender possession of the Demised Premises (except for abandoned FF&E). In the event Tenant shall not vacate and surrender possession of the Demised Premises (except for abandoned FF&E) on the expiration date or earlier termination of this Lease, in addition to all other liabilities and damages to which Tenant shall be subject by reason thereof (including, without limitation, those provided by the preceding sentence), Tenant agrees to indemnify, defend and hold Landlord harmless from and against all liabilities, obligations, damages, penalties, claims, costs, charges and expenses, including architects' and attorneys' fees, which may be imposed upon or incurred by or asserted against Landlord arising, directly or indirectly, out of or in connection with Tenant's failure to surrender possession of the Demised Premises (except for abandoned FF&E). Landlord shall also have the right to specific performance with respect to Tenant's obligation to surrender possession of, or cease operation of its business at, the Demised Premises at the expiration or earlier termination of this Lease. The election of Landlord to insist upon specific performance in such event shall not be construed as a waiver or relinquishment of any provision, covenant, agreement or condition on the part of Tenant to be performed or of any other remedy that Landlord may be entitled to under this Lease, at law or otherwise. Nothing in this Section shall be construed to give Tenant the right to hold over in the Demised Premises after the expiration or earlier termination of this Lease, and Landlord may exercise any and all remedies at law or in equity to recover possession of the Demised Premises. If Landlord commences an action to remove or evict Tenant as a result of Tenant's failure to surrender possession (except for abandoned FF&E), Tenant shall pay all costs and expenses incurred by Landlord as a result of such action, including attorneys' fees and court costs. Tenant hereby waives the right to a trial before a jury and the right to assert any non-compulsory counterclaims in any action for eviction or for payment of sums due under this Lease. The obligations set forth in this Section 7 shall constitute Rental and shall be guaranteed pursuant to the Replacement Guaranty, subject to its guaranty limitations."

8. <u>Condition of Demised Premises</u>. Tenant has been in possession of and is fully familiar with the condition of the Premises and accepts possession of the Demised Premises in its as is condition. Landlord shall have no obligation to perform any work to prepare the Demised Premises for the occupancy by Tenant. Article 7 of the Lease is hereby deleted in its entirety.

9. <u>Bankruptcy</u>. If the Tenant files for relief under title 11 of the United States Bankruptcy Code ("**Bankruptcy Code**") or any other insolvency proceeding in any other court and Tenant or any trustee, receiver, assignee or other fiduciary appointed in Tenant's case thereafter (a) rejects or seeks entry of an order authorizing the rejection of the Lease or this Amendment pursuant to §§ 365, 1123(b)(2) or 1129 of the Bankruptcy Code or other applicable law, or (b) seeks to recover, avoid or disgorge payments made to Landlord under the Lease or this Amendment, then in such event (x) the amendments to the Lease under this Amendment shall be deemed void *ab initio* and the Lease and Original Guaranty shall remain in full force and effect, and (y) Landlord may pursue any and all remedies under the Lease and Guaranty under applicable law or in equity, including all damages and remedies for the Pre-Amendment Rent. In the event the Tenant or any trustee, receiver, assignee or other fiduciary appointed in Tenant's case assumes the Lease pursuant to §§ 365, 1123(b)(2) or 1129 of the Bankruptcy Code or other applicable law, then in such events only Tenant need not pay the Pre-Amendment Rent. Notwithstanding any other provision hereof, in the event the Original Guarantor files for relief under the Bankruptcy Code or any other insolvency proceeding in any other court and the Lease (as amended) is not assumed by Tenant in bankruptcy, then in such event Landlord may file a proof of claim in the Original Guarantor's bankruptcy case (or other applicable proceeding) for any and all damages, rights and

4

remedies available to Landlord under the Lease (as amended) and Original Guaranty and applicable law ("**Landlord Guarantor Claim**"), *provided, however,* that Tenant and Original Guarantor reserve and retain the right to oppose, object to or challenge the Landlord Guarantor Claim.

Notwithstanding the foregoing and anything to the contrary contained in the above paragraph of this Paragraph 9 or the Lease, should Tenant and Replacement Guarantor file bankruptcy and the Lease (as amended) is rejected and Original Guarantor does not file for bankruptcy and seeks an assignment from the Landlord of the Lease (as amended), Landlord shall consent to such assignment, whereupon the Lease (as amended) shall be deemed a direct Lease (as amended) between Landlord and Original Guarantor provided that Original Guarantor cures on or before the effective date of the assignment, all defaults and amounts due and owing to Landlord under the Lease (as amended) from the Effective Date of this Amendment through and including the effective date of assignment of the Lease (as amended) to Original Guarantor. .

10. Notices. Section 26.1 of the Lease is modified as follows:

Notices to Tenant:

TSI BAY RIDGE 86th STREET, LLC
c/o Town Sports International, LLC
399 Executive Boulevard
Elmsford, New York 10523

Copy to:

Stuart M. Steinberg, P.C.
The Sheralven Building
2 Rodeo Drive
Edgewood, NY 11717
Attention: Stuart M. Steinberg, General Counsel

Notices to Landlord:

500 Fifth Avenue
54th Floor
New York, NY 10110

11. The Lease is hereby amended and supplemented and any terms and conditions contained therein shall continue in full force and effect, except as may be specifically amended modified by this Amendment. In the event of any conflict between the Lease and this Amendment, the terms, conditions and provisions of the Amendment shall govern. Except as specifically set forth herein, no other change or modification to the Lease is intended or implied, and in all other respects the Lease, including the obligation to pay any other charges due under the Lease, remain in full force and effect in accordance with its terms.

12. Landlord and Tenant represent and warrant to each other that no broker was responsible for bringing about this Amendment. Landlord and Tenant agree to hold each other

harmless against any claims for brokerage commission or compensation arising out of any conversations or negotiations had by them with any broker with respect to this Amendment.

13. Tenant represents and warrants that it has not assigned or encumbered the Lease nor sublet the Premises. By entering into this Amendment, Landlord does not, and shall not be deemed to consent to any matter as to which Landlord's consent is required under the terms of this Lease.

14. Except as otherwise provided for herein, all the terms, covenants and conditions and provisions of the Lease shall remain and continue unmodified, in full force and effect and binding upon the parties hereto, their heirs, administrators, executors and their permitted assigns.

15. Tenant acknowledges that this Amendment shall not be binding on Landlord until Landlord shall have executed this Amendment and a counterpart thereof shall have been delivered to Tenant.

16. This Amendment may not be modified or cancelled orally, nor any of its provisions waived, except by an agreement in writing signed by the party against whom any enforcement of any modification, cancellation or waiver is sought.

17. This Amendment shall inure to the benefit of and bind the parties hereto, their heirs, distributees, executors, administrators, successors and, except as otherwise provided in the Lease, their assigns.

18. Counterparts. This Amendment may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature process complying with the U.S. federal ESIGN Act of 2000) or other electronic transmission method and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes. Electronic signatures shall be deemed original signatures for purposes of this Amendment and all matters related thereto, with such electronic signatures having the same legal effect as original signatures.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK-SIGNATURE PAGE TO IMMEDIATELY FOLLOW]**

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

LANDLORD:

429-441 86th STREET LLC

By: _____
Jeff Sutton, Member

TENANT:

TSI BAY RIDGE 86th STREET, LLC

By: _____
Print Name: Patrick Walsh
Title: Chief Executive Officer

REAFFIRMATION OF GUARANTY

Town Sports International Holdings, Inc., a Delaware corporation, hereby reaffirms its obligations under the Guaranty dated August, 2006 with respect to the Lease, as amended by this Agreement, and hereby ratifies the terms of this Agreement as they relate to Guarantor and confirms that the Guaranty remains in full force and effect

Town Sports International Holdings, Inc.

By: _____
Print Name: Patrick Walsh
Title: Chief Executive Officer