

Marc Litt
*Partner*
212 909-9686 DIR TEL
212 909-9486 DIR FAX
mlitt@wmllp.com

WWW.WACHTELMISSRY.COM

One Dag Hammarskjold
885 SECOND AVENUE
NEW YORK NY 10017
MAIN TEL 212 909-9500
FACSIMILE 212 371-0320

April 19, 2021

Via ECF

Hon. Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:   *429-441 86th Street LLC v. Town Sports International Holdings, Inc.*,
            S.D.N.Y. Case No. 21-cv-01356-ALC

Dear Judge Carter:

      We write on behalf of Plaintiff 429-441 86th Street, LLC in response to Defendant Town Sports International Holdings, Inc.'s ("Defendant" or "Guarantor") April 21, 2021 letter (ECF No. 18; "Def. Ltr.") seeking discovery before filing its opposition to Plaintiff's long-pending summary judgment motion. Defendant seeks discovery concerning: (1) whether the Guaranty[1] upon which Plaintiff's summary judgment motion is based "remains extant" or was "terminated" by the purported failure of Plaintiff to consent to assign the Lease to Defendant pursuant to the First Amendment of Lease dated August 31, 2020 (the "Lease Amendment" [ECF Doc. 7-8, pp. 7-14]);[2] and (2) the merits of Defendant's own recently-interposed counterclaims, which are, as set forth more fully below, unrelated to Plaintiff's summary judgment motion and against which Plaintiff intends to make a pre-answer motion to dismiss. Discovery is unwarranted, irrelevant to the determination of Plaintiff's motion, and should in no event delay the motion.

      First, Defendant's request for pre-answer discovery on the merits of its counterclaims is premature given Plaintiff's intent to move to dismiss and/or transfer venue to the Delaware Bankruptcy Court, where the Tenant and Replacement Guarantor's bankruptcy cases were filed. (Guarantor did not file for bankruptcy.) "Discovery on the merits should normally await disposition of any pre-answer motions challenging the legal sufficiency of the complaint, in order to minimize abuse of the discovery process for *in terrorem* increment of the settlement value of a groundless claim." *Pompano-Windy City Partners, Ltd. v. Bear Stearns & Co.*, 1988 WL 122014, at *2 (S.D.N.Y. July 22, 1988) (internal quotation and citation omitted).

      Plaintiff's motion has been pending since January 11, 2021. Defendant removed the action to this Court and, by answer dated March 23, 2021, interposed two counterclaims seeking: (1) damages for Plaintiff's alleged breach of the consent to assign the Lease; and (2) an injunction

---

[1] The "Guaranty" refers to the "Original Guaranty" dated August 2006 and reaffirmed August 31, 2020, by which Defendant absolutely and unconditionally guaranteed all payment obligations of TSI Bay Ridge 86th Street, LLC ("Tenant"), under a commercial lease dated August 2006 (the "Lease"). ECF Doc. 7-2.

[2] Among other things, the Lease Amendment conditionally permitted Tenant to substitute Town Sports International, LLC ("Replacement Guarantor") for Defendant as guarantor of its obligations to Plaintiff.

Hon. Andrew L. Carter, Jr.
April 19, 2021
Page 2 of 5

affirmatively granting Defendant possession of the Premises and awarding it treble damages for alleged unlawful ejectment pursuant to RPAPL § 853. The allegations underlying Defendant's counterclaims do not bear upon, and therefore cannot and do not create a single genuine issue of material fact necessary to defeat Plaintiff's pending motion. The material facts are simple: Tenant failed to pay rent and other sums due under the Lease; it then filed for relief in the Delaware Bankruptcy Court under chapter 11 of the Bankruptcy Code and then rejected and elected to terminate the Lease. The Original Guaranty was not terminated but remained in full force and effect, and Plaintiff commenced this action to enforce the Guaranty.[3]

With respect to the summary judgment motion, the only issue raised by Defendant's counterclaims is whether Defendant is entitled to set off a possible future, unliquidated liability against the absolute, unconditional and liquidated obligation under the Guaranty. The law is crystal clear. Defendant has no right to set off its speculative claims for unspecified damages against the indisputable past due rent and charges under the Lease for which Defendant assumed unconditional liability as guarantor. Under New York law, "'there is no right to set off a possible, unliquidated liability against a liquidated claim that is due and payable.'"[4]

Additionally, because there is "no just reason for delay," it would be entirely appropriate to enter final judgment on Plaintiff's summary judgment motion regardless of whether the counterclaims remain pending. *See L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 87 (2d Cir. 1998). Summary judgment is warranted where (i) there are multiple claims or parties; (ii) the order at issue is a final decision within the meaning of 28 U.S.C. § 1291; and (iii) there is "no just reason for delay." *Siemens Westinghouse Power Corp. v. Dick Corp.*, 220 F.R.D. 232, 234 (S.D.N.Y. 2004). "[T]he 'mere presence' of 'nonfrivolous counterclaims' which may offset a party's liability 'does not render a Rule 54(b) certification inappropriate.'" *Id.* (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9, (1980)). Rather, "[o]nly those claims 'inherently inseparable' from or 'inextricably interrelated' to each other are inappropriate for rule 54(b) certification." *Id.* (quoting *Ginett v. Computer Task Group, Inc.*, 962 F.2d 1085, 1096 (2d Cir. 1992); *see also ICBC (London) PLC v. Blacksands Pac. Grp., Inc.*, No. 15 CIV. 0070 LAK, 2015 WL 5710947, at *11 (S.D.N.Y. Sept. 29, 2015), *aff'd*, 662 F. App'x 19, 2016 WL 5386293 (2d Cir. 2016) (granting plaintiff's motion for summary judgment against defendant guarantor in all respects and, finding no just reason for delay, directing the clerk to enter final judgment pursuant to Fed. R. Civ. P. 54(b)). Courts have found that the equities favor a finding of separability where, as here, the counterclaims "appear to be interposed primarily for the purpose of delaying judgment" on an irrefutable claim. *Lazard Freres & Co. v. Crown Sterling Mgmt. Inc.* 901 F. Supp. 133, 138 (S.D.N.Y. 1995).

---

[3] *See* Affidavit of Jeff Sutton in Support of Motion for Summary Judgment in lieu of Complaint, sworn to January 11, 2021 ("Sutton Aff.") ([ECF Doc. 7-4](#)).

[4] *Hack v Stang*, No. 13-CV-5713 AJN, 2015 WL 5139128, at *5 (S.D.N.Y. Sept. 1, 2015) (quoting *Willett v Lincolnshire Mgmt., Inc.*, 302 AD2d 271, 271 (1st Dept 2003) (quoting *Spodek v Park Prop. Dev. Assocs.*, 263 AD2d 478, 478-79 (2d Dept 1999)); *accord New Haven Props. Ltd. v Grinberg*, 293 AD2d 386, 387 (1st Dept 2002) ("defendants cannot offset the subject liquidated, past due liability against the disputed, unliquidated liability it claims against plaintiff's customer.").

Hon. Andrew L. Carter, Jr.
April 19, 2021
Page 3 of 5

It is likewise clear that "there is no general right to discovery prior to the entry of summary judgment." *Ali v. City of New York*, No. 11 CIV. 5469 LAK, 2012 WL 3958154, at *3 n.10 (S.D.N.Y. Sept. 5, 2012) (citing cases). Rather,

> [a] party against whom summary judgment is sought who cannot submit admissible evidence needed to raise a genuine issue of material fact may apply for discovery pursuant to Federal Rule of Civil Procedure 56(d) (formerly 56(f)). Such discovery, however, is not available as a matter of course. The non-moving party "must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."[5]

In particular, district courts have granted summary judgment without discovery (despite defendants' claim of need for it) on summary judgment in lieu of complaint motions commenced in state court. *See, e.g.*, *UMB Bank, N.A. v. Bluestone Coke, LLC*, No. 20-CV-2043 (LJL), 2020 WL 6712307, at *5 (S.D.N.Y. Nov. 16, 2020) (granting summary judgment and finding discovery was not needed to determine liability of guarantor in guaranty action commenced under CPLR 3213); *Torin Assocs., Inc. v. Perez*, No. 15 CIV. 8043 (NSR), 2016 WL 6662271, at *9 (S.D.N.Y. Nov. 10, 2016) (granting summary judgment where defendants failed to demonstrate the existence of a material fact in dispute or that extrinsic proof would be required to determine the amount due under guaranty, entitling plaintiff to judgment as a matter of law).

<u>Second</u>, whether the Guaranty was "terminated" by Plaintiff's alleged failure to consent to assign the Lease to Defendant is a *non sequitur*: (i) the Guaranty, by its terms is "absolute and unconditional" and unaffected by subsequent modification or amendment of the Lease or any dealings between Landlord and Tenant; (ii) the Lease Amendment, by its plain and indisputable terms, did ***not*** terminate, but rather reaffirmed, the Guaranty as a consequence of Tenant's actions in bankruptcy court, and (iii) Defendant ***never*** sought assignment of the Lease (even though it easily could have as the then 100% owner of the bankrupt Tenant) and cannot now seek to use its own failure to act as a defense to the Guaranty.

Defendant brazenly mischaracterizes the plain language and meaning of the Lease Amendment. Section 6 of the Lease Amendment does not merely state that "the Original Guaranty is terminated," (Def. Letter at 2); rather, it makes such termination "[s]ubject to section 9 below." Section 9, in turn, provides that were Tenant to file for relief under the Bankruptcy Code[6] and thereafter reject or seek to reject the Lease,[7] then "(x) ***the amendments to the Lease under this***

---

[5] *Id*. (citations omitted). (Here, Defendant did not attempt to comply with Rule 56(d).)

[6] On September 14, 2020, while Tenant was still owned by Defendant, Tenant and Replacement Guarantor (together, the "Debtors") each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware ("Delaware Bankruptcy Court"). Sutton Aff. ¶ 32 & Ex. E (ECF Doc. 7-8, pp. 28-48).

[7] On October 15, 2020, the Delaware Bankruptcy Court granted Debtors' September 29, 2020 motion for authorization to reject the Lease on notice to Defendant (the "Rejection Order"). Sutton Aff. ¶ 33 & Ex. F (ECF Doc. 7-8, pp. 49-61).

Hon. Andrew L. Carter, Jr.
April 19, 2021
Page 4 of 5

***Amendment shall be deemed void* ab initio *and the Lease and Original Guaranty shall remain in full force and effect and* (y) *[Plaintiff] may pursue any and all remedies under the Lease and Guaranty under applicable law or in equity***" (emphasis added).[8] Accordingly, after Tenant filed for chapter 11 relief and sought authorization to reject the Lease in bankruptcy—two indisputable facts—the Guaranty remained in full force and effect, and Plaintiff was expressly permitted to pursue its remedies thereunder.

Moreover, as Plaintiff will establish on its forthcoming motion to dismiss, Defendant's counterclaims are meritless. Plaintiff could not have withheld its consent to assign the Lease to Defendant because Defendant never sought such an assignment and never followed the Bankruptcy Court procedures necessary to do so. First, a separate entity (TMPL Bay Ridge 86th LLC ("TMPL")), which claimed to be an affiliate of Defendant, sent a letter to Plaintiff's counsel purporting to notify Plaintiff that **TMPL** sought to exercise Defendant's rights under Section 9 for an assignment *to* **TMPL** of the Lease. Such third-party assignment was not contemplated, let alone required, by the Lease Amendment. Second, neither TMPL nor Defendant sought an assignment of the Lease in Delaware Bankruptcy Court—which Defendant certainly could have done because it *owned and controlled* the Tenant-Debtor—and the Bankruptcy Court was, and remains, the exclusive jurisdiction for disputes over the Tenant-Debtor's election to "assume," "assume and assign," or "reject" a lease under section 365 of the Bankruptcy Code. Section 9 merely requires Plaintiff to "consent" to such an assignment if sought by Defendant; it did not, because it could not, usurp the Tenant-Debtor's right to make such election in bankruptcy. Any suggestion that Section 9 of the Lease Amendment permits Defendant to assign the Lease *without* the Tenant-Debtor's consent would amount to a prepetition agreement or waiver of the debtor's right in bankruptcy to assume or reject an unexpired lease—which would be void and unenforceable as against public policy. *In re Trans World Airlines, Inc.*, 261 B.R. 103, 114 (Bankr. D. Del. 2001).

Even assuming, *arguendo*, that Defendant's counterclaims have a scintilla of merit, they must be heard, if at all, by the Delaware Bankruptcy Court, which is the exclusive jurisdiction for disputes involving the debtor's estate. *See* 28 U.S.C. § 1334(e). Indeed, paragraph 10 of the Rejection Order provides that Delaware Bankruptcy Court "shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of [the] Order."[9]

Accordingly, for the foregoing reasons we respectfully request that the Court reconsider its recent scheduling order, which established discovery deadlines, and reject Defendant's request.

---

[8] Defendant misconstrues the assignment provision under Section 9 of the Guaranty—which does not terminate the Guaranty in the event Defendant fails to obtain an assignment of the Lease. Section 9 provides that if Defendant does not file for bankruptcy and it seeks an assignment of the Lease (which it failed to do), then Plaintiff shall consent to such assignment. It does not also provide that "[i]f these procedures are not followed, the guaranty here is rendered void and of no effect," as Defendant claims. Def. Ltr. at 2.

[9] In its forthcoming motion to dismiss, Plaintiff intends to seek, in the alternative, the transfer of Defendant's counterclaims to the District of Delaware for referral to the Bankruptcy Court in the interest of justice under 28 U.S.C. §§ 1404(a) and 1412. *See In re Lehman Brothers Holdings Inc.*, 594 B.R. 33, 50 (Bankr. S.D.N.Y. 2018).

Hon. Andrew L. Carter, Jr.
April 19, 2021
Page 5 of 5

                                        Respectfully submitted,

                                        */s/ Marc Litt*
                                        Marc Litt

cc:    Counsel of Record (via ECF)