THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 429-441 86TH STREET LLC,<br><br>            Plaintiff,<br><br>        v.<br><br>TOWN SPORTS INTERNATIONAL<br>HOLDINGS, INC.,<br><br>            Defendant. | Case No.: 1:21-cv-1356-ALC<br><br>**TOWN SPORTS INTERNATIONAL<br>HOLDINGS, INC.'S OPPOSITION TO<br>PLAINTIFF'S MOTION TO DISMISS<br>COUNTERCLAIMS** |

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ....................................................................................... 1

FACTUAL AND PROCEDURAL POSTURE ................................................................. 2

LEGAL STANDARD ........................................................................................................ 5

ARGUMENT ..................................................................................................................... 6

I.  TSI States a Claim for Breach of Contract, and Plaintiff's Arguments are Directed Toward Disputed Issues of Fact ............................................................................... 6

    **A.**  TSI's Breach of Contract Claims are Sufficiently Pled ........................... 6

    **B.**  Rule 9(c) Does not Require Anything More Than Rule 8 and the *Twombly/Iqbal* Pleading Standard ........................................................... 7

    **C.**  Proof is Irrelevant and not Properly Considered on a Motion to Dismiss ............. 9

    **D.**  Whether Assignment of a Lease was Sought After Bankruptcy Proceedings is Irrelevant and Improperly Relies on Facts Dehors the Pleadings ........................ 10

    **E.**  The Argument Related to Improper Notice Relies on Evidence Outside the Pleadings and Must be Rejected ............................................................. 11

    **F.**  Plaintiff's Argument That the Lease was Terminated is not Properly Considered on a Motion to Dismiss .......................................................... 11

II.  TSI States a Claim for Unlawful Eviction and Plaintiff's Arguments on This Claim Again Relate Entirely to Disputed Facts and not Allegations ......................................... 12

    **A.**  TSI has a Right to the Lease and Premises That was Withheld From TSI in Bad Faith ..................................................................................... 12

    **B.**  Whether the Premises Were Abandoned is a Disputed Issue of Fact Outside of the Pleadings ........................................................................... 14

III.  Plaintiff Pursued Litigation Outside of Bankruptcy Court and has Waived any Challenges to Jurisdiction or Venue Outside of Bankruptcy Court .................................. 15

IV.  TSI Does not Oppose the Striking of its Third Affirmative Defense; Although Striking That Defense has no Practical Effect ................................................... 19

CONCLUSION ................................................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................................5

*Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*,
  No. 13 CIV. 1725 LGS, 2013 WL 3835191 (S.D.N.Y. July 25, 2013)......................8

*Belenky v. Colombo*,
  275 A.D. 99, 87 N.Y.S.2d 635 (App. Div. 1949) ....................................................13

*Chem. Bank v. Stahl*,
  272 A.D.2d 1, 712 N.Y.S.2d 452 (2000) .................................................................13

*Comerica Leasing Corp. v. Bombardier Inc.*,
  No. 16 CIV. 614 (PGG), 2019 WL 11027701 (S.D.N.Y. Sept. 30, 2019) ...............9

*Dervan v. Gordian Grp. LLC*,
  No. 16-CV-1694 (AJN), 2017 WL 819494 (S.D.N.Y. Feb. 28, 2017).....................8

*DMF Gramercy Enterprises, Inc. v. Lillian Troy 1999 Tr.*,
  123 A.D.3d 210, 994 N.Y.S.2d 605 (2014) .............................................................13

*Drutman Realty Co. P'ship v. Jindo Corp.*,
  865 F. Supp. 1093 (S.D.N.Y. 1994).........................................................................15

*Encompass Aviation, LLC v. Surf Air Inc.*,
  No. 18 CIV. 5530 (CM), 2018 WL 6713138 (S.D.N.Y. Nov. 30, 2018) ................17

*Francis v. Kings Park Manor, Inc.*,
  992 F.3d 67 (2d Cir. 2021)...............................................................................5, 10

*Gamm v. Sanderson Farms, Inc.*,
  944 F.3d 455 (2d Cir. 2019)....................................................................................6

*Globecon Grp., LLC v. Hartford Fire Ins. Co.*,
  No. 03 CIV. 0023 (NRB), 2003 WL 22144316 (S.D.N.Y. Sept. 17, 2003), *aff'd*, 434 F.3d
  165 (2d Cir. 2006).....................................................................................................19

*Goncalves v. Soho Vill. Realty, Inc.*,
  47 Misc. 3d 76, 9 N.Y.S.3d 522 (N.Y. App. Term. 2015)......................................14

*Highlands Ins. Co. v. PRG Brokerage, Inc.*,
  No. 01 CIV. 2272 (GBD), 2004 WL 35439 (S.D.N.Y. Jan. 6, 2004)......................17

*Hochroth v. William Penn Life Ins. Co. of New York*,
  No. 03CIV.7286(RJH)(HBP), 2003 WL 22990105 (S.D.N.Y. Dec. 19, 2003) ...................19

*Hsin Ten Enter. USA, Inc. v. Clark Enters.*,
  138 F. Supp. 2d 449 (S.D.N.Y. 2000).........................................................................18

*In re Chase Manhattan Mortg. & Realty Tr.*,
  11 B.R. 982 (Bankr. S.D.N.Y. 1981) ........................................................................16

*Katz v. Travelers*,
  241 F. Supp. 3d 397 (E.D.N.Y. 2017) .........................................................................7

*Lynch v. City of New York*,
  952 F.3d 67 (2d Cir. 2020)..................................................................................5, 10

*Mendez v. Bank of Am. Home Loans Servicing, LP*,
  840 F. Supp. 2d 639 (E.D.N.Y. 2012) ..........................................................................7

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
  723 F.3d 192 (2d Cir. 2013)..................................................................11, 12, 15, 17

*O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*,
  No. 15-CV-7231 (VEC), 2017 WL 3084901 (S.D.N.Y. July 20, 2017) ..............................8, 9

*Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*,
  483 F. Supp. 3d 195 (S.D.N.Y. 2020)..........................................................................6

*Runquist v. Koeppel*,
  146 Misc. 2d 569, 551 N.Y.S.2d 765 (Civ. Ct., NY County 1990).......................................14

*Saccheri v. Cathedral Properties Corp.*,
  184 Misc. 2d 304, 708 N.Y.S.2d 805 (App. Term 2000) .......................................................14

*Sierra Club v. Con-Strux, LLC*,
  911 F.3d 85 (2d Cir. 2018)..................................................................................5, 10

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016), *as revised* (May 24, 2016)...............................................................13

*Sprentall v. Beacon Health Options, Inc.*,
  No. 20 CIV. 1703 (PGG), 2021 WL 1063392 (S.D.N.Y. Mar. 19, 2021)..............................11

*Starr Indem. & Liab. Co. v. Brightstar Corp.*,
  324 F. Supp. 3d 421 (S.D.N.Y. 2018)..........................................................................18

*Streit v. Bushnell*,
  424 F. Supp. 2d 633 (S.D.N.Y. 2006)...........................................................................6

*Superior Site Work, Inc. v. Nasdi, LLC*,
No. 14CV1061ADSSIL, 2016 WL 526238 (E.D.N.Y. Feb. 9, 2016) ....................................8

*TOA Sys., Inc. v. Int'l Bus. Machines Corp.*, No. 18 CV 10685 (VB),
2020 WL 2732016  (S.D.N.Y. May 26, 2020) ........................................................................7

*Tongkook Am., Inc. v. Shipton Sportswear Co.*,
14 F.3d 781 (2d Cir. 1994)....................................................................................................19

*Trimco-Display, LLC v. Logic Supply, Inc.*,
No. 1:09-CV-106 JGM, 2012 WL 733879 (D. Vt. Mar. 6, 2012).........................................16

*Weaver St. Properties, LLC v. Cold Stone Creamery, Inc.*,
63 A.D.3d 1044, 882 N.Y.S.2d 233 (2009) ..........................................................................15

**Statutes**

28 U.S.C. § 157...........................................................................................................................18

28 U.S.C. § 1332...........................................................................................................................2

Section 3213 of the New York Civil Practice Law......................................................................2

Real Property Actions & Proceedings Law, Section 851 .............................................................3

**Rules**

Fed. R. Civ. P. 8....................................................................................................................6, 7, 9

Fed. R. Civ. P. 8(a) .......................................................................................................................8

Fed. R. Civ. P. 8(a)(2)....................................................................................................................5

Fed. R. Civ. P. 9.............................................................................................................................6

Fed. R. Civ. P. 9(b) ................................................................................................................1, 6, 9

Fed. R. Civ. P. 9(c) ................................................................................................................7, 8, 9

Fed. R. Civ. P. 12(b)(6)..................................................................................................................6

## PRELIMINARY STATEMENT

As detailed in letters to the Court, this Court's order that specifically denied further briefing on motions for summary judgment (ECF No. 20, Order), and as should now be apparent from a cursory review of 429-441 86th Street LLC's ("Landlord" or "Plaintiff") motion to dismiss, this case is replete with complex factual disputes that do not lend themselves for disposition upon a motion to dismiss. Landlord's motion reads similarly to a motion for summary judgment and relies on facts dehors the four corners of Defendant Town Sports International Holdings, Inc.'s ("TSI") Counterclaims, including, but not limited to, three declarations and more than a dozen exhibits. Therefore, this matter cannot be summarily disposed of at the pleading stage. (ECF No. 25-27, Decls.) The weak and transparent effort by plaintiff to present what is effectively a motion for summary judgment as a motion to dismiss in order to avoid any discovery (while the original action by plaintiffs was a motion for summary judgment in lieu of complaint) is enough reason alone to deny Plaintiff's motion to dismiss.  To compound Plaintiff's overreaching and erroneous efforts to dismiss the counterclaims prior to any discovery being had, Plaintiff also incorrectly attempts to apply to TSI's claims the same pleading standards for alleging fraud with particularity under Rule 9(b), which is in direct contravention of applicable case law, including the very case law cited by Plaintiff. Accordingly, the Court should deny Plaintiff's motion to dismiss TSI's counterclaims *in toto*.

Plaintiff also asks this Court to transfer portions of this case to a bankruptcy court or decline jurisdiction over TSI's Counterclaims although Plaintiff itself brought and prosecuted this case outside of the bankruptcy court, and it should be noted that TSI is not a debtor in bankruptcy. Plaintiff's arguments are also logically inconsistent and would result in piecemeal litigation and potentially inconsistent results given that Plaintiff asks the Court to retain jurisdiction over its claims, yet transfer venue or decline jurisdiction on the counterclaims which are inextricably

intertwined to Plaintiff's claims and arise from the same common nucleus of transactions or occurrences. Plaintiff's arguments related to jurisdiction and venue simply do not apply to TSI, a non-debtor, and they are waived by Plaintiff's affirmative decision to prosecute this case outside of the bankruptcy court. Thus, the Court should deny Plaintiff's motion in its entirety.

## FACTUAL AND PROCEDURAL POSTURE

The present lawsuit was brought before this Court following removal from New York state court pursuant to diversity jurisdiction and was never pursued in bankruptcy court. On January 11, 2021, Plaintiff sued TSI in New York state court bringing a motion for summary judgment in lieu of a complaint pursuant to Section 3213 of the New York Civil Practice Law and Rules ("CPLR"). (ECF No. 7-1, Notice of Mot. of Summ. J. in Lieu of Compl.) On February 16, 2021, TSI removed the case to this Court, invoking this Court's diversity jurisdiction over the matter pursuant to 28 U.S.C. § 1332. (ECF Nos. 1, 7, Notices of Removal.) Plaintiff concedes that it voluntarily and purposefully avoided the bankruptcy court and its jurisdiction, as it "filed a notice of opt-out and limited objection to the Plan [], explicitly preserving Plaintiff's right to pursue its claims against Defendant[.]" (ECF No. 24, Pl's Mem. at 4.) Removal was never contested, and Plaintiff declined to file a motion to remand this case to state court. Instead, Plaintiff filed a letter asking the Court to set a briefing schedule on a motion for summary judgment. (ECF No. 12, Letter.) The Court ordered Defendant to file an answer, and it did, along with counterclaims against Plaintiff related to Plaintiff's refusal to assign the lease at issue to TSI as mandated under the parties' agreements. (ECF No. 15, Answer.)

Specifically, TSI alleges that the lease agreement at issue (the "Lease"), as amended, contractually obligated Plaintiff to assign the Lease and deliver the premises (the "Premises") under the Lease to TSI if the original tenant and replacement guarantor had filed for bankruptcy. (*Id.* ¶¶ 92-93.) Indeed, the original tenant and replacement guarantor filed for bankruptcy

protection, (*id.* ¶¶ 99, 104-05).  Despite this, Plaintiff refused to assign the Lease and deliver the Premises to TSI, breaching the parties' agreement and illegally locking TSI out of the Premises, entitling TSI to treble damages under Real Property Actions & Proceedings Law ("RPAPL"), Section 851. (*Id.* ¶¶ 94-126.)

Plaintiff, on the other hand, offers a different and disputed version of these facts, devoting an entire section in its motion to dismiss (the "Motion") to a claim that TSI "[d]id Not Seek an Assignment of the Lease and Its Allegation to the Contrary Is Provably False." (ECF No. 24, Pl.'s Mem. at 18.) TSI vigorously disputes Plaintiff's version of the facts, including the claims that: "Tenant was still owned by the Defendant" when the tenant filed for bankruptcy (*id.* at 3.), that "Defendant has submitted itself to the jurisdiction of the Bankruptcy Court because it was the corporate parent of the Debtors, causing its wholly-owned subsidiary (the Tenant-Debtor) to reap the benefits of relief under the Bankruptcy Code, including rejection and termination of the Lease, and was actively involved in the Debtors' Delaware Bankruptcy Case, and in the formulation and consummation of the Debtors' Plan to the point where the Defendant obtained a limited third-party release under the Debtors' Plan." (*Id.* at 22.)

After TSI filed its answer and counterclaims and both parties submitted proposals for the forward progress of this case, the Court entered an order denying any motion for summary judgment without further discovery and set a schedule for Plaintiff to file a motion to dismiss TSI's counterclaims, followed by a discovery schedule. (ECF No. 20, Order.)

On April 30, 2021, Plaintiff filed its motion to dismiss TSI's counterclaims. (ECF No. 23, Mot.) The motion relies heavily on facts outside of the four corners of TSI's counterclaims, as it is accompanied by three declarations and 14 exhibits replete with factual assertions of matters far beyond the four corners of the counterclaims and which are the subject of vigorous dispute. (ECF Nos. 25-27, Decls. and Exhs.)

Plaintiff argues that the counterclaims should be dismissed for failure to state a claim and for lack of jurisdiction. (ECF No. 24, Pl.'s Mem.) After a lengthy section setting forth Plaintiff's version of disputed facts, Plaintiff somehow argues that TSI fails to allege with particularity—for a breach of contract claim not sounding in fraud—"the  who, what, when, or how" TSI sought an assignment of the Lease pursuant to the parties' agreements. (*Id.* at 9.) Plaintiff then baldly and in conclusory fashion, argues that TSI's allegations are "provably false," and they should be dismissed on the pleadings despite the well-established principle that parties are not required to submit any proof whatsoever to defeat a motion to dismiss. (*Id.* at 11.) Plaintiff's next argument for dismissal of the breach of contract claim, which sounds in waiver, yet is fluid and not clearly attributable to any specific legal theory, is likewise based on facts entirely outside of the complaint, namely, that TSI never sought assignment of the Lease in bankruptcy and therefore "sat on its rights" related to assignment. (*Id.* at 11-15.) Lastly, Plaintiff argues that TSI's notice requesting assignment was defective and that the Lease terminated before any assignment, both fact-found arguments that rely heavily on facts outside of the pleadings. (*Id.* at 22-23.)

Turning to TSI's illegal lockout counterclaim, Plaintiff argues that TSI lacks standing and cannot bring an illegal lockout claim because TSI was never a party to the Lease and because the original tenant purportedly abandoned the premises. (*Id.* at 16-18.) These arguments similarly rely heavily on evidence outside of the pleadings and any determination would require factual development of the record and inquiry into such facts.

Plaintiff also asks the Court to dismiss for lack of jurisdiction and to transfer venue to the U.S. Bankruptcy Court for the District of Delaware. For its lack of jurisdiction and venue arguments, Plaintiff argues—after initiating and prosecuting a lawsuit outside of the bankruptcy court—that the bankruptcy court retains jurisdiction, and, alternatively, that this Court should transfer the case to the bankruptcy court. (*Id.* at 18-23.)  The Plaintiff cannot have it both ways.  It

4

cannot try to knock out TSI's counterclaims by asserting that this Court lacks jurisdiction over the counterclaims while pressing forward with its inextricably intertwined affirmative counterclaims.

As discussed above, Plaintiff's motion is accompanied by evidence and the declarations of three of Plaintiff's attorneys, Stella Sainty, Gary Kahn, and Alyson Fiedler. (ECF No. 25-27, Decls.) For example, Kahn provides, as an exhibit, an email communication that is entirely outside the confines of the pleadings (ECF No. 26, Kahn Decl. at 1).

## LEGAL STANDARD

Given Plaintiff's liberal use of materials outside of the pleadings, the standard of review for a motion to dismiss bears notable mention. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks and citation omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). Importantly, however, "[i]n assessing [a] complaint," the Court must "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021) (internal quotations omitted).

"[T]he court's task is to assess the legal feasibility of the complaint; *it is not to assess the weight of the evidence that might be offered on either side*[.]" *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020) (emphasis added); *see also Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) ("Whether [plaintiff's allegation is] ultimately borne out by the evidence, it must be taken as true for purposes of a Rule 12(b)(6)[.]"); *Streit v. Bushnell*, 424 F. Supp. 2d 633, 641 (S.D.N.Y. 2006) ("[R]egardless of the defendant's denials and contrary versions of the underlying

events, it is the *plaintiff's* account of the facts that the Court must accept as true and from which

the Court is directed to draw all reasonable inferences in *plaintiff's* favor."). This is the pleading

standard applicable here, and generally only claims of fraud are tested under the heightened

pleading requirements set forth in Rule 9(b). *See Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455,

462 (2d Cir. 2019) (observing that pleadings are typically subject to Rule 8, but that claims of

fraud must be stated with particularity under Rule 9).

## ARGUMENT

I.   **TSI States a Claim for Breach of Contract, and Plaintiff's Arguments are Directed Toward Disputed Issues of Fact**

A.   **TSI's Breach of Contract Claims are Sufficiently Pled**

TSI alleges that it entered into an agreement requiring assignment of the Lease in the event

of the original tenant's and replacement guarantor's bankruptcy and cites the relevant language

concerning these machinations. (ECF No. 15, Answer ¶¶ 92-93, 98-99.) TSI alleges that these

conditions occurred, and Plaintiff refused to consent to assignment and transfer of the Lease and

Premises to TSI. (*Id.*; *see also id.* ¶¶ 102-12.) TSI plausibly alleges: (1) a valid Lease contract

between the parties requiring Plaintiff to assign and transfer the Lease and premises to TSI (*e.g.*,

*id.* ¶¶ 92-93, 98-100; (2) that TSI performed under that agreement by requesting assignment of the

Lease and transfer of the premises (*e.g.*, *id.* ¶¶ 101-02, 105, 109-10); (3) that Plaintiff breached the

contract by refusing its consent to assignment (*id.* ¶¶ 101-02, 105, 110); and (4) that TSI suffered

damages as a result (*e.g.*, *id.* ¶¶ 107, 111). *See Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v.*

*Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 209 (S.D.N.Y. 2020) (listing elements of a breach of

contract claim). This is more than enough to satisfy the controlling pleading standards in federal

court for a breach of contract claim. *Cf. TOA Sys., Inc. v. Int'l Bus. Machines Corp.*, No. 18 CV

10685 (VB), 2020 WL 2732016, at *3 (S.D.N.Y. May 26, 2020) (denying motion to dismiss breach

of contract claim and noting that whether a party took advantage of a particular provision in a contract is a factual dispute "not suited for resolution at the motion to dismiss stage"); *Katz v. Travelers*, 241 F. Supp. 3d 397, 409 (E.D.N.Y. 2017) (denying motion to dismiss where plaintiffs did not even specify the nature of the contract between the parties and construing the allegations liberally to find that plaintiffs had sufficiently alleged a breach of contract). The Court, therefore, must deny Plaintiff's motion to dismiss TSI's breach of contract claims.

> ### B.     Rule 9(c) Does not Require Anything More Than Rule 8 and the *Twombly/Iqbal* Pleading Standard

Plaintiff argues that TSI must plead its claims with particularity because Federal Rule of Civil Procedure 9(c) provides that when "denying that a condition precedent has occurred or been performed, a party must do so with particularity." TSI's counterclaims for breach of contract include affirmative breaches of the Lease that do not implicate any condition precedent. TSI alleges, among other things, that Plaintiff affirmatively frustrated TSI from obtaining an assignment and curing defaults under the Lease. (ECF No. 15, Answer ¶¶ 101, 103, 105-110.) This does not concern any condition precedent and are allegations that Plaintiff utterly prevented TSI from taking advantage of its rights and benefits under the Lease.

Even assuming, *arguendo*,, TSI's breach of contract claims involve conditions precedent, which TSI disputes, "it is clear that even where courts require allegations in the complaint with regard to the satisfaction of conditions precedent, courts have consistently accepted only general averments of their fulfillment." *Mendez v. Bank of Am. Home Loans Servicing, LP*, 840 F. Supp. 2d 639, 648 (E.D.N.Y. 2012). The pleading standard for conditions precedent is simply not a heightened pleading standard requiring particularity. *See Dervan v. Gordian Grp. LLC*, No. 16-CV-1694 (AJN), 2017 WL 819494, at *6 (S.D.N.Y. Feb. 28, 2017) ("This Court agrees, and holds that the occurrence or performance of a condition precedent—to the extent that it need be pled as

a required element of a given claim—*must be plausibly alleged in accordance with Rule 8(a)*." (emphasis added)); *see also O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*, No. 15-CV-7231 (VEC), 2017 WL 3084901, at *5 (S.D.N.Y. July 20, 2017) (same). "In this Circuit, a general allegation that all conditions precedent have been met . . . is sufficient to satisfy Rule 9(c)." *Beautiful Home Textiles (USA), Inc. v. Burlington Coat Factory Warehouse Corp.*, No. 13 CIV. 1725 LGS, 2013 WL 3835191, at *3 (S.D.N.Y. July 25, 2013).

Plaintiff alleges that "[a]t all relevant times, TSI has fully performed its obligations under the Lease and the Original Guaranty." (ECF No. 15, Answer ¶ 109.) This is plainly enough to satisfy the requirements under Rule 9(c). *See Superior Site Work, Inc. v. Nasdi, LLC*, No. 14CV1061ADSSIL, 2016 WL 526238, at *6 (E.D.N.Y. Feb. 9, 2016) ("[E]ven if the conditions set forth in Section 6 are applicable to Superior's breach claim for $132,408.06 in 'services and materials,' the Court finds that the general allegation contained in the SAC that Superior complied with the requirements of Sections 6 is sufficient to satisfy Rule 9(c) and survive a Rule 12(b)(6) motion to dismiss.").

The cases inexplicably cited by Plaintiff, do not support their argument but all find that there is no heightened pleading standard for alleging satisfaction of conditions precedent in a contract. (ECF No. 24, Pl.'s Mem. at 8 (citing, for example, *Dervan*, which held that "the occurrence or performance of a condition precedent—to the extent that it need be pled as a required element of a given claim—must be plausibly alleged in accordance with Rule 8(a)" and *O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*, No. 15-CV-7231 (VEC), 2017 WL 3084901, at *6 (S.D.N.Y. July 20, 2017), which applied a "plausibility" standard and not the heightened pleading standard set forth in Rule 9(b)). The cases that Plaintiff analogizes to, like *Comerica Leasing Corp. v. Bombardier Inc.*, No. 16 CIV. 614 (PGG), 2019 WL 11027701, at *12 (S.D.N.Y. Sept. 30, 2019), are simply not comparable to this case. In *Comerica*, for example, the plaintiff did not allege

facts that it returned property in accordance with conditions precedent to an agreement, although here TSI has alleged that Plaintiff refused to consent to assign the lease—the claimed condition precedent conveniently implicated by Plaintiff's own motion to dismiss. There is simply no requirement to allege, for a condition precedent, the "who, what, when or how" as Plaintiff claims. (*See* ECF No. 24, Pl.'s Mem at 9.) TSI has plausibly alleged it sought assignment of the Lease, above and beyond what is required under Rule 9(c). (ECF No. 15, Answer ¶¶ 101-02, 105, 109-10.)

Plaintiff cites to pleading standards for fraud claims, and claims that "Plaintiff is entitled to notice of when Defendant sought an assignment from Plaintiff, how Defendant sought such an assignment (by e-mail, letter, orally), through whom Defendant acted and to whom the communications were directed." (ECF No. 24, Pl.'s Mem. at 10.) This view is plainly contradicted by the very authorities cited by Plaintiff, which apply the *Twombly/Iqbal* standard of "plausibility" and not Rule 9(b)'s particularity requirement. *See Comerica Leasing Corp. v. Bombardier Inc.*, No. 16 CIV. 614 (PGG), 2019 WL 11027701, at *9 (S.D.N.Y. Sept. 30, 2019) ("[T]he Rule 8 plausibility requirements apply to Rule 9(c).").[1] Plaintiff cites not a single case saying that conditions precedent must be alleged with particularity like fraud claims. Plaintiff plausibly alleges all elements necessary to bring its breach of contract claim, and any argument related to particularity or standards related to pleading fraud are unavailing.

### C.    Proof is Irrelevant and not Properly Considered on a Motion to Dismiss

Plaintiff argues that TSI's allegations are "provably false," but a motion to dismiss tests only the allegations, and all allegations must be accepted as true with all reasonable inferences

---

[1] TSI also notes that dismissal with prejudice would not be proper and that leave to amend is the standard practice for any dismissal. *See O.F.I. Imports Inc. v. Gen. Elec. Cap. Corp.*, No. 15-CV-7231 (VEC), 2017 WL 3084901, at *6 (S.D.N.Y. July 20, 2017).

drawn in TSI's favor. *Francis*, 992 F.3d at 72. Accordingly, the Court must reject outright Plaintiff's argument and any other invitation to resolve competing proof or any matters outside of the allegations.

### D.   Whether Assignment of a Lease was Sought After Bankruptcy Proceedings is Irrelevant and Improperly Relies on Facts Dehors the Pleadings

Plaintiff argues that "[i]f [TSI] wanted to take an assignment of the Lease, it had several weeks between the filing of the Rejection Motion and the hearing on the motion . . . to contact the Debtor and Plaintiff and notify them of its desire to take an assignment," and that TSI "failed to do so." (ECF No. 24, Pl.'s Mem. at 14.) Thus, according to Plaintiff, "it is too late for Defendant to obtain an assignment of the Debtors' interest in the Lease." (*Id.*)

All of these claims are facts outside of the pleadings, vigorously disputed, and must be summarily rejected for any consideration whatsoever on a motion to dismiss. *Lynch*, 952 F.3d at 75; *Sierra Club*, 911 F.3d at 88. Specifically, Plaintiff even relies on claims outside of the pleadings asserted "[o]n information and belief" to support this argument, which would not be proper on any type of dispositive motion. (ECF No. 24, Pl.'s Mem. at 14.)

The Court should also reject this argument because it departs from the plain language of the Lease, namely, that: "should Tenant and Replacement Guarantor file bankruptcy and the Lease (as amended) is rejected and [TSI] does not file for bankruptcy and seeks an assignment from the Landlord of the Lease (as amended), Landlord shall consent to such assignment whereupon the Lease (as amended) shall be deemed a direct Lease (as amended) between Landlord and TSI[.]" (ECF No. 15, Answer ¶ 93.) There is nothing in this language stating that assignment must occur during a certain point in time during the tenant's or replacement guarantor's bankruptcy proceedings. Plaintiff cites to bankruptcy rules applicable to debtors and bankruptcy case law applicable to bankruptcy debtors or trustees, which TSI is neither, and therefore the Court should

reject this argument as it is outside the allegations in the pleadings and in any event relies on legal authorities that are wholly inapposite. (*See* ECF No. 24, Pl.'s Mem. at 14-15 (citing bankruptcy rules and case law related to debtors and *Fla. Dep't of Revenue v. Piccadilly Cafeterias, Inc*., 554 U.S. 33, 46, 128 (2008) (explaining when a trustee may reject an executory contract or unexpired lease).)

### E. The Argument Related to Improper Notice Relies on Evidence Outside the Pleadings and Must be Rejected

Plaintiff argues that correspondence sent to its attorney, Gary Kahn ("Mr. Kahn"), was not a proper notice under the Lease (ECF No. 24, Pl.'s Mem. at 11-15), but this is based on evidence outside of the pleadings by way of an affidavit and exhibit from Mr. Kahn. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 202 (2d Cir. 2013) ("We do not consider matters outside the pleadings in deciding a motion to dismiss for failure to state a claim."). Additionally, as noted above, Plaintiff has plausibly alleged that it satisfied the condition precedent of providing notice, and there is nothing in the alleged contractual language related to consent to assignment that provides it is a "notice" or otherwise must be given in writing or pursuant to the notice provisions in the Lease, as amended. (ECF No. 15, Answer ¶ 93.) Accordingly, the Court should reject Plaintiff's argument regarding defective notice, which is not supported by a single case, much less any prevailing legal authority. *See, e.g.*, *Sprentall v. Beacon Health Options, Inc.*, No. 20 CIV. 1703 (PGG), 2021 WL 1063392, at *9 (S.D.N.Y. Mar. 19, 2021) (denying motion to dismiss where movant failed "to cite a single case" supporting its argument).

### F. Plaintiff's Argument That the Lease was Terminated is not Properly Considered on a Motion to Dismiss

The precise date as to when the Lease terminated and whether or not that was before the precise date consent to the assignment should have been provided is a highly factual matter that cannot be decided without looking to extrinsic evidence outside the pleadings, and therefore, like

11

Plaintiff's other arguments, should be rejected. *See Nakahata*, 723 F.3d at 202. This argument is also based on the email by Mr. Kahn which is outside the pleadings, and a claimed date the lease was terminated which is outside the pleadings. (*See* ECF No. 24, Pl.'s Mem. at 15-16.) Additionally, TSI alleges, among other things, that Plaintiff frustrated and anticipatorily breached the parties' agreement by refusing to even allow the procedures for assignment and transfer of the Lease to ever take place, which would result in any breach of the parties' agreement occurring much sooner than October 15, 2020 (the date outside the pleadings relied upon by Plaintiff as the claimed date the Lease was terminated). (ECF No. 15, Answer ¶¶ 100-02.) The Court, therefore must reject Plaintiff's argument because it is not only hinged on facts outside of the pleadings, but it also does not confront Plaintiff's allegations of breaches that plausibly occurred much sooner than any claimed termination of the Lease, again, a claimed termination based on claims and documents outside the pleadings.

## II.   TSI States a Claim for Unlawful Eviction and Plaintiff's Arguments on This Claim Again Relate Entirely to Disputed Facts and not Allegations

### A.   TSI has a Right to the Lease and Premises That was Withheld From TSI in Bad Faith

Plaintiff argues that TSI lacks standing because it was not the tenant under the Lease; however, TSI alleges that Plaintiff acted in bad faith and frustrated TSI's ability to take possession of the Lease and the Premises. (ECF No. 15, Answer ¶¶ 100-02.) In essence, Plaintiff argues that it can in bad faith prevent and obstruct TSI from exercising its contractual rights to obtain the Lease and Premises and then, in the very same breath, claim that TSI lacks standing to bring claims for failure to secure possession of the Lease and Premises. The law plainly does not support such a result or hazardous incentives for landlords. *See DMF Gramercy Enterprises, Inc. v. Lillian Troy 1999 Tr.*, 123 A.D.3d 210, 216, 994 N.Y.S.2d 605, 608 (2014) ("[T]he landlord cannot obstruct plaintiff's operation of the sidewalk café by refusing in bad faith to consent."); *Chem. Bank v.*

*Stahl*, 272 A.D.2d 1, 15, 712 N.Y.S.2d 452, 462 (2000) ("Conduct affirmatively preventing the other party from performing would materially breach the lease.").

Moreover, based on controlling case law, including the very case law cited by Plaintiff, it is apparent that TSI has alleged facts sufficient to plead and establish standing. To establish standing, TSI must merely allege that it "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). TSI has alleged that it was entitled to transfer and possession of the Lease and Premises, but such transfer was unlawfully withheld, and TSI was illegally locked out. (ECF No. 15, Answer ¶¶ 113-26.) This is an actual concrete injury in fact traceable to Plaintiff's conduct, and an order as requested in the counterclaims of "compensatory, treble, and punitive damages in an amount to be proven at trial, along with the possession of the Premises" would redress the harm caused by TSI's inability to use and operate the Premises. (*Id.* ¶ 126.) Thus, the requirements of standing are sufficiently alleged and established. *See Spokeo, Inc.*, 136 S. Ct. at 1547.

Plaintiff concedes that constructive possession would be enough for standing but claims that TSI does not sufficiently allege constructive possession. (ECF No. 24, Pl.'s Mem. at 17.) TSI, however, alleges that it had the absolute right to have the Lease and Premises assigned and transferred to it in accordance with the parties' contract (ECF No. 15, Answer ¶¶ 113-26), which is enough to allege constructive possession. *See Belenky v. Colombo*, 275 A.D. 99, 100, 87 N.Y.S.2d 635, 637 (App. Div. 1949) (finding that "[t]he allegations of the complaint establish a *prima facie* right of the plaintiffs to constructive possession as landlords of the premises in question" where the plaintiffs alleged a right to the premises and that defendants had excluded them from the premises and refused to deliver the premises); *Goncalves v. Soho Vill. Realty, Inc.*, 47 Misc. 3d 76, 77, 9 N.Y.S.3d 522, 523 (N.Y. App. Term. 2015) ("Nor, in any event, is summary

resolution of this illegal lockout proceeding warranted, since the record so far developed raises several material triable issues, including whether petitioner, the son of the now-deceased rent controlled tenant, was in actual or constructive possession of the apartment premises at the time of the alleged lockout."); *see also Saccheri v. Cathedral Properties Corp.*, 184 Misc. 2d 304, 305, 708 N.Y.S.2d 805, 806 (App. Term 2000) (finding that constructive possession confers standing for claims under New York's Real Property Law).

Plaintiff's cited authority, *Runquist v. Koeppel*, 146 Misc. 2d 569, 571, 551 N.Y.S.2d 765, 767 (Civ. Ct., NY County 1990), is easily distinguished and demonstrates why dismissal is improper. In *Runquist*, the petitioner "had no title in fee or absolute right to possession." *Id.* In sharp contrast, TSI has alleged an absolute right to have the Lease and Premises assigned to it. (ECF No. 15, Answer ¶¶ 94-126.) There is a clear requirement in the Lease, as amended, to assign and transfer the Lease and Premises to TSI upon the bankruptcy of the replacement guarantor and original tenant, which is the exact opposite of the "unconsented-to sublease" at issue in *Runquist*. Accordingly, the Court should deny any motion to dismiss TSI's illegal lockout counterclaim for failure to allege standing.

### B.    Whether the Premises Were Abandoned is a Disputed Issue of Fact Outside of the Pleadings

Plaintiff relies on a declaration and exhibits outside of the pleadings to claim that the Lease, as amended, was abandoned and terminated. (ECF No. 24, Pl.'s Mem. at 18.) As noted above, this issue implicates disputed facts and matters outside the pleadings which are not proper for consideration on a motion to dismiss. *See Nakahata*, 723 F.3d at 202; *see also Weaver St. Properties, LLC v. Cold Stone Creamery, Inc.*, 63 A.D.3d 1044, 1045, 882 N.Y.S.2d 233, 234 (2009) ("The Supreme Court properly determined, in effect, that triable issues of fact exist as to whether the defendant abandoned the premises during the term of the lease so as to warrant

14

invocation of the lease's acceleration clause, and whether the plaintiff effectively terminated the lease based upon the defendant's failure to pay rent."); *Drutman Realty Co. P'ship v. Jindo Corp.*, 865 F. Supp. 1093, 1103 (S.D.N.Y. 1994) (finding that issue of abandonment to factual to decide on summary judgment). Additionally, TSI alleges, among other things, that Plaintiff frustrated and breached the parties' agreement by refusing to allow the procedures for assignment and transfer of the Lease to ever take place, which would place any breach of the parties' agreement much sooner than October 15, 2020 (the date outside the pleadings relied upon by Plaintiff as the claimed date the Lease was terminated). (ECF No. 15, Answer ¶¶ 100-02.) The Court, therefore, must reject Plaintiff's argument because it is not only based entirely on facts outside the pleadings, but it also does not confront Plaintiff's allegations of breaches that plausibly occurred much sooner than any claimed termination of the Lease.

### III.   Plaintiff Pursued Litigation Outside of Bankruptcy Court and has Waived any Challenges to Jurisdiction or Venue Outside of Bankruptcy Court

Though Plaintiff brought this suit in state court and filed pleadings and made arguments in this Court for more than two months before the present motion, it now seeks to disclaim its choice of venue outside of bankruptcy court. (ECF No. 24, Pl.'s Mem. at 18-24.) Even worse, Plaintiff seeks to sever counterclaims relating directly to Plaintiff's claims and have two different litigations related to the same transactions and occurrences proceeding simultaneously—one in this Court and one in bankruptcy court. This procedure would lead to inconsistent results, inefficient use of court resources, and piecemeal litigation, all of which are plainly not in the interests of justice. (*Id.*)

Plaintiff's argument related to jurisdiction is that the bankruptcy court has exclusive jurisdiction of claims related to property of the debtor. (*Id.* at 19-21.) But TSI is not a debtor in the bankruptcy proceedings referenced by Plaintiff, and TSI has alleged that *TSI*—not the debtor—is

the rightful possessor and owner of the Lease and Premises. (ECF No. 15, Answer ¶¶ 94-126.)
Thus, in direct contravention to Plaintiff's argument, the claims here are not about property of the
debtor or involving a debtor, and there is no claim against or brought by TSI related to the issues
in this lawsuit pending in bankruptcy court. *Trimco-Display, LLC v. Logic Supply, Inc.*, No. 1:09-
CV-106 JGM, 2012 WL 733879, at *2 (D. Vt. Mar. 6, 2012) (denying motion to transfer venue of
counterclaims where the claims were outside of the bankruptcy proceedings and could not be fully
adjudicated by the claims process in bankruptcy court); *see also In re Chase Manhattan Mortg. &
Realty Tr.*, 11 B.R. 982, 985 (Bankr. S.D.N.Y. 1981) (observing that "[t]he [bankruptcy] court
rejects the argument that once its jurisdiction attached, it retains that jurisdiction in the face of very
narrowly circumscribed contours which, above all, remind us that those contours depend basically
on the debtor or its property" and describing another case where the bankruptcy court no longer
had jurisdiction when the bankruptcy court determined that the debtor had no interest in the
property, which terminated the bankruptcy court's jurisdiction). In addition, the resolution of this
dispute will have absolutely no impact upon the bankruptcy cases (which are in their last stages
post-confirmation of a liquidating plan with the only remaining activity relating to the claims
resolution process), the assets and liabilities of the debtors therein, and the ultimate distribution to
creditors.

Further, and critically, Plaintiff claims itself that it voluntarily "filed a notice of opt-out
and limited objection to the Plan (Sainty Decl., Ex. 11; the 'Limited Objection'), explicitly
preserving Plaintiff's right to pursue its claims against Defendant," which clearly demonstrates
that Plaintiff has affirmatively chosen to avoid the jurisdiction of the bankruptcy court with respect
to any adjudication of any claims involving TSI in the bankruptcy court. (ECF No. 24, Pl's Mem.
at 4.)

Plaintiff's argument also relies heavily on claims related to facts outside of the pleadings, such as the claim that TSI "authorized its subsidiary (the Tenant) to file for bankruptcy relief in Delaware (not New York)," (ECF No. 24, Pl.'s Mem. at 19), which is not alleged anywhere in the parties' pleadings. This is another and independent reason to deny Plaintiff's first argument going to venue and jurisdiction. *See Nakahata*, 723 F.3d at 202.

Plaintiff's venue argument, namely, that the case should be transferred to the bankruptcy court, has been waived because Plaintiff brought this case outside of bankruptcy court and pursued this case outside of the bankruptcy court. *See Encompass Aviation, LLC v. Surf Air Inc.*, No. 18 CIV. 5530 (CM), 2018 WL 6713138, at *11 (S.D.N.Y. Nov. 30, 2018) ("Defendant signed the MIPA, in which it agreed to litigate in New York if Encompass sued it in New York under any of the Transaction Documents—including the License Agreement. Defendant effectively recognized this by bringing its claim under the License Agreement as a counterclaim here in the Southern District of New York, rather than bringing it only in California in reliance on the License Agreement's forum selection clause and resting on its objection to venue over that counterclaim in this district."). Venue is plainly proper in this Court given that the counterclaims arise out of the same transaction or occurrence as Plaintiff's claims, and venue in this Court should not be disturbed. *See Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01 CIV. 2272 (GBD), 2004 WL 35439, at *11 (S.D.N.Y. Jan. 6, 2004) (finding venue for counterclaims was proper where the proof of the counterclaims arose out of same transaction or occurrence as other claims in the case).

Plaintiff's argument related to venue is also logically inconsistent—it asks for the Court to retain its claims implicating the Lease (*see* ECF No. 7-1, Mot. Summ. J. at 3) yet transfer out of this Court TSI's claims related to the Lease. Such piecemeal litigation is strongly disfavored and defeats any argument for transferring discrete portions of this case to the bankruptcy court. *See Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 463 (S.D.N.Y. 2000) (exercising

venue over patent infringement claim where the proof of such claims overlapped with other claims in the case to avoid piecemeal litigation of similar claims all arising from the same nucleus of facts).

Finally, the factors for transfer of venue strongly weighs in favor of keeping venue in this Court:[2] (1) the Court should honor both parties' choice of forum outside of the bankruptcy court; (2) the witnesses, proof, and property at issue are all in New York and therefore venue in this Court is more convenient for witnesses; (3) the relevant documents and evidence is located in New York given that the case concerns business and property operating in New York; (4) for the same reasons, New York is more convenient for the parties; (5) the locus of operative facts are in New York; (6) it is easier to compel New York witnesses to appear in New York; (7) the litigation is between two non-debtors, will have no impact of the bankruptcy estate, and the claims are certainly not core claims under 28 U.S.C. § 157, or even non-core related claims such that the claims would be subject to mandatory or discretionary abstention and, the bankruptcy court would not have jurisdiction to render final judgment in any event; and (8) the relative means of the parties does not strongly weigh in favor of either side. *See Starr Indem. & Liab. Co. v. Brightstar Corp.*, 324 F. Supp. 3d 421, 431 (S.D.N.Y. 2018) (listing factors to consider in request to transfer venue). On balance, the factors strongly favor venue in this Court and not Delaware. Accordingly, the Court should deny any request to transfer venue or dismiss the counterclaims for lack of subject-matter jurisdiction.

---

[2] Plaintiff relies on the bankruptcy rules for transfer of venue, which do not apply to this Court, a district court. In any event, even those rules would find that the interest of justice and convenience factors weigh in favor of keeping venue in this Court.

**IV.    TSI Does not Oppose the Striking of its Third Affirmative Defense; Although Striking That Defense has no Practical Effect**

"Motions to strike are generally disfavored." *Hochroth v. William Penn Life Ins. Co. of New York*, No. 03CIV.7286(RJH)(HBP), 2003 WL 22990105, at *2 (S.D.N.Y. Dec. 19, 2003). "There rarely is reason to restrict the pleadings unless it can be shown that the statements sought to be stricken would prejudice the defendant." *Globecon Grp., LLC v. Hartford Fire Ins. Co.*, No. 03 CIV. 0023 (NRB), 2003 WL 22144316, at *5 (S.D.N.Y. Sept. 17, 2003), *aff'd*, 434 F.3d 165 (2d Cir. 2006). Plaintiff is correct that TSI maintains that the Court has diversity jurisdiction, but striking any affirmative defense would have little effect because lack of subject matter jurisdiction cannot be waived and a motion to dismiss on this ground may be properly made and granted at any time. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 786 (2d Cir. 1994). Thus, although TSI agrees that subject-matter jurisdiction is proper in this Court, there is little point to striking TSI's affirmative defense related to lack of subject-matter jurisdiction.

## CONCLUSION

For the foregoing reasons, TSI respectfully requests that the Court deny Plaintiff's motion to dismiss and grant such further relief that it deems is just and proper.

Dated: May 21, 2021

**AKERMAN LLP**

By: **/s/ Massimo F. D'Angelo**
Massimo F. D'Angelo
Akerman LLP
1251 Avenue of the Americas,
37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
massimo.dangelo@akerman.com
*Counsel for Town Sports International Holdings, Inc.*